[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By complaint dated January 9, 2001, the plaintiff, Lauren D. Momah-Jones commenced this action seeking a dissolution of marriage on the grounds of irretrievable breakdown and other relief. The defendant appeared through counsel. The plaintiff amended her complaint by amendment dated June 5, 2001. Both parties appeared with counsel on December 20, 2001 and the plaintiff proceeded on her amended complaint. The parties presented testimony and introduced documentary evidence. The court, after hearing the testimony and reviewing the exhibits makes the following findings of fact.
The plaintiff, whose maiden name was Lauren Delores Jones, married the CT Page 3817 defendant on December 27, 1997 in Southington, Connecticut. She has resided continuously in the State of Connecticut for at least twelve (12) months next preceding the filing the complaint. All statutory stays have expired. No minor children have been born to the plaintiff since the date of the marriage. The court further finds that neither party have been the recipients of any aid from the State of Connecticut or any municipality thereof
The plaintiff is 29 years of age and appears to be in good health except for some residuals in connection with two automobile accidents. She has an undergraduates degree from the University of Connecticut and has continued with her education. She has been employed with the Division of Athletics at the University in various capacities since 1997. She received $300 — $900 bi-weekly through December of 1998 depending on the number of events she handled. From March of 1999 to December of 1999 her earnings were at the annual rate of $28,000 — $29,000 per annum. She currently works on events. Her current weekly gross income is $392.50 and her net is $337.25.
The defendant is 29 years of age and appears to be in good health. He is a resident alien having been born in Nigeria. He received an undergraduate degree from the University of Connecticut in 1997 majoring in engineering and mathematics. He has been employed with ASML Lithography Division as an engineer since graduation and currently grosses $975 per week with a net of $702 per week.
The parties met in the spring of 1997. The defendant was in the United States on a student visa which allowed him to stay in the United States while in school and for one (1) year thereafter. He has become a resident alien. The defendant was still attending college when the parties married. Except for a three (3) month period the parties maintained separate households because of work and college commitments. The defendant engaged in extra-marital affairs and fathered a child while still married to the plaintiff He would stay out late on numerous occasions. Further, for tax years 1997 and 1998 he filed fraudulent returns with the Internal Revenue Service resulting in substantial penalties and interest. He has entered into a payment plan with the IRS. The breakdown of the marriage was caused by the defendant.
On May 30, 2001 the defendant was ordered by this court, pendente lite to pay to the plaintiff the sum of $100 per week alimony payable within two weeks. By motion dated June 15, 2001 and filed with the court on June 18, 2001 the plaintiff sought to hold the defendant in contempt for his failure to comply with the order. On July 10, 2001 the court (Prestley, J.) ordered the defendant to pay $700 by July 13, 2001 and $200 in counsel fees within 30 days. By motion dated October 5, 2001 the CT Page 3818 defendant again filed a motion for contempt which was heard by this court prior to the commencement of trial. This court finds the defendant in contempt and his contempt is willful. On March 5, 2002 this matter again came before this court on a third motion for contempt. The defendant continues to be in contempt and his contempt is willful. The defendant is ordered to pay the plaintiff the sum of $500 in counsel fees in connection with his contempts of the court's orders. This amount and the arrearage in alimony payments are incorporated into the orders hereinafter set forth.
The court has considered all of the factors in Connecticut General Statutes 46b-81, 46b-82 and 46b-62 and other pertinent statutes, earning and earning capacity differentials, causes for the breakdown of the marriage and the consequences of the financial orders set forth below. Judgment shall enter dissolving the marriage on the ground of irretrievable breakdown. It is further ordered that:
1. ALIMONY. The plaintiff shall pay to the defendant the sum of $100 per week as periodic alimony and for tax purposes shall be includeable in the income of the plaintiff and deductible by the defendant. Said amount shall be paid until May 30, 2002 and shall be non-modifiable as to amount and term. As of the date of this decision the defendant is in arrears on his alimony payments which were ordered pendente lite The arrearage shall be paid in equal weekly installments so that the arrearage is paid by May 30, 2002. If the entire amount of the alimony due by May 30, 2002 the defendant is ordered to withdraw within thirty (30) days said unpaid balance from his 401k plan and be liable for any penalties in connection with such withdrawal.
2. INCOME TAX REBATE. As result of the fraudulent returns filed by the defendant the plaintiff has lost $300 of a refund to which she would be otherwise entitled. The defendant is ordered to reimburse said amount within thirty (30) days from the date of this judgment.
3. LIABILITIES. The defendant shall be solely responsible for the taxes, penalties and interest reflected on his financial affidavit and shall hold the plaintiff harmless therefrom. All other liabilities shall be paid by the party incurring such and hold the other harmless therefrom.
4. AUTOMOBILES. Each party shall retain their respective automobiles, whether owned or leased.
5. AUTOMOBILE ACCIDENT PROCEEDS. The plaintiff shall retain all of the monetary benefits she may receive in connection with the automobile accidents she was involved in during the course of the marriage. CT Page 3819
6. HOUSEHOLD FURNISHINGS. Any household furnishings owned by the parties before marriage shall be their sole property. Any household furnishings acquired jointly by the parties shall be divided equally.
7. DEFERRED COMPENSATION. By a Qualified Domestics Relations Order the defendant shall transfer to the plaintiff 50% of his 401K plan entitled "ASML 22". The court retains jurisdiction.
8. LEGAL FEES. The defendant shall pay to the plaintiff the sum of $2,000 in legal fees which includes any fees incurred by the plaintiff in connection with her motions for contempt. Said amount shall be paid in three equal monthly installments commencing one (1) month from the date of judgment.
BY THE COURT,
____________________, J. John R. Caruso